UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10417 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00101-WBS-1 Eastern District of California, Sacramento |
| v. | |
| DIONISIO ROBLES PADILLA, | |
| Defendant-Appellant. | ORDER AMENDING MEMORANDUM AND DENYING PETITION FOR PANEL REHEARING |

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

The memorandum disposition filed on January 10, 2017, is hereby amended as follows:

Page 2, line 5 - change <below the Sentencing Guideline range> to <within the Sentencing Guidelines range>.

Page 3, lines 1-2 - change <below-Guidelines sentence> to <within-Guidelines sentence>.

With these amendments, Appellant's Petition for Panel Rehearing filed on January 13, 2017, is DENIED.

No additional petitions for rehearing will be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10417 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00101-WBS-1 |
| v. | |
| DIONISIO ROBLES PADILLA, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted March 18, 2016
San Francisco, California

Before:  KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Appellant Dionisio Robles Padilla (Padilla) challenges his 120-month

sentence for distribution of methamphetamine in violation of 21 U.S.C. §

841(a)(1).  Padilla contends that the district court violated his Fifth Amendment

right against self-incrimination when it questioned him during the sentencing

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

hearing, improperly based its sentence on facts not in evidence, and failed to adequately explain the basis for the imposed sentence.

Under plain error review, the record does not reflect that the district court punished Padilla for exercising his Fifth Amendment rights. Rather, the court imposed a sentence within the Sentencing Guidelines range, premised on the 18 U.S.C. § 3553(a) factors. *See United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013) ("Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights.") (citation omitted).

The district court may have inaccurately suggested that Padilla implicated an innocent former co-defendant during his plea colloquy. However, Padilla has failed to demonstrate that this observation had any bearing on his below-Guidelines sentence. *See id.* ("To establish that his due process rights were violated, [Padilla] must show that materially false or unreliable information was demonstrably made the basis for the sentence imposed by the district court. Here, because [Padilla] failed to raise his erroneous facts issue before the district court, [Padilla] must show not only that the district court committed error under the Due Process Clause but also that the error affected his substantial rights. . . .") (citation and internal quotation marks omitted).

The district court adequately explained its imposition of a within-Guidelines sentence premised on the 18 U.S.C. § 3553(a) factors. *See United States v. Hernandez-Arias*, 757 F.3d 874, 884 (9th Cir. 2014), *as amended* ("Although a district court must explain the sentence sufficiently to permit meaningful review, an adequate explanation not only derives from the judge's pronouncement of the sentence, but may also be inferred from the presentence report or the record as a whole.") (citation, alterations, and internal quotation marks omitted).

**AFFIRMED.**